UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NASEER SAHIR, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-2385 AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On February 3, 2014, plaintiff consented to the jurisdiction of the magistrate judge for all further proceedings in this case. ECF No. 11.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the motions to proceed in forma pauperis will be granted. ECF Nos. 7, 9, 13.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments

1

of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II.    Analysis

The court finds the allegations in plaintiff's complaint so confusing, vague, and

conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Plaintiff identifies a hodge-podge of defendants in this case including:  former President George Bush, former Mexican President Vicente Fox, the singer Juanes de Colombia, the owner of a Mexican soccer team, as well as doctors at Mule Creek State Prison.  Unfortunately, the allegations in plaintiff's complaint are as confusing as the cast of defendants in this lawsuit.  The allegations in the complaint appear connected to plaintiff's apparent delusion that "God instruct[ed] me to tell the warden… that I was being given a saint as wife and I was being given Paty Manterola as [sic] a televised event."  ECF No. 1 at 6.  Plaintiff goes on to allege that defendants convinced Mrs. Manterola "to sell her body for the four of their pleasure."  ECF No. 1 at 3.  Apart from these allegations, plaintiff attaches numerous exhibits pertaining to the medical treatment he received at Mule Creek State Prison dating as far back as 2009.  ECF No. 1 at 10-65.

        The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

1  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
3  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
4  complaint be complete in itself without reference to any prior pleading.  This is because, as a
5  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
6  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
7  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
8  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 7, 9, 13) are
11  granted;

12    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
13  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
14  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
15  Director of the California Department of Corrections and Rehabilitation filed concurrently
16  herewith;

17    3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend; and,

18    4. Plaintiff is granted thirty days from the date of service of this order to file an amended
19  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
20  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number
21  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and
22  two copies of the amended complaint; failure to file an amended complaint in accordance with
23  this order will result in a recommendation that this action be dismissed.

24  DATED: May 6, 2014

  _____
  ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE