1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE LUIS GARCIA,                              No.  2:13-cv-2385 AC P

12                   Plaintiff,

13        v.                                        ORDER

14   NASEER SAHIR, et al.,

15                   Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18   pursuant to 42 U.S.C. § 1983.  By order filed May 7, 2014, plaintiff's complaint was dismissed

19   with leave to file an amended complaint.  ECF No. 15.  Plaintiff has filed an amended complaint.

20   ECF No. 20.

21                               *Screening Requirements*

22        The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                                  1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint must contain more than a "formulaic recitation of the elements of a cause of

7   action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

9   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

10  a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

11  Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual

12  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

13  566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

14  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

15  that the defendant is liable for the misconduct alleged."  Id.

16       In reviewing a complaint under this standard, the court must accept as true the allegations

17  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

18  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

19  the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

20                              *Summary of Complaint*

21       Plaintiff's original complaint (ECF No. 1) was dismissed because it was so vague and

22  conclusory that the court was unable to determine if plaintiff's allegations were frivolous or failed

23  to state a claim for relief.  See ECF No. 15.  In plaintiff's amended complaint (ECF No. 20),

24  plaintiff alleges that he was wrongfully placed in "ad/seg" after being falsely accused of a

25  disciplinary violation and was involuntarily transferred to High Desert State Prison.  ECF No. 20

26  at 3.  Plaintiff further alleges that defendant Heatley, a doctor at Mule Creek State Prison, was

27  deliberately indifferent to plaintiff's health and safety when he provided inadequate medical care

28

                                              2

1   to plaintiff.[1]  ECF No. 20 at 3.  Plaintiff alleges that after he filed a grievance against defendant C.

2   Smith, the chief medical officer at Mule Creek State Prison, all defendants retaliated against

3   plaintiff by harassing him, denying him access to free copies of legal documents, and denying his

4   request to proceed in forma pauperis.[2]  ECF No. 20 at 3-4.  Plaintiff brings this action against the

5   defendants as individuals and in their official capacity, and seeks nominal, compensatory, and

6   punitive damages for "pain and mental anguish."  ECF No. 3 at 3-4.

7                                              *Analysis*

8                  Deliberate Indifference to Serious Medical Need

9              Inmates can establish an Eighth Amendment violation with respect to medical care if they

10   can prove there has been deliberate indifference to their serious medical needs.  Estelle v.

11   Gamble, 429 U.S. 97, 104 (1976).  Two requirements must be met: (1) the deprivation must be,

12   objectively, sufficiently serious; and (2) the prison official must be, subjectively, deliberately

13   indifferent to inmate health or safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).

14              A serious medical need exists if the failure to treat a prisoner's condition could result in

15   further significant injury or the unnecessary and wanton infliction of pain.  Jett v. Penner, 439

16   F.3d 1091, 1096 (9th Cir. 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

17   1991), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997)

18   (en banc)).  Indications that a prisoner has a serious need for medical treatment include the

19   following: the existence of an injury that a reasonable doctor or patient would find important and

20   worthy of comment or treatment; the presence of a medical condition that significantly affects an

21   individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v.

22   Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865

23   F.2d 198, 200-02 (9th Cir. 1989); McGuckin, 974 F.2d at 1059-60.

24              The United State Supreme Court has defined a very strict standard which plaintiff must

25   ───────────────

26   [1]  Plaintiff's complaint alleges that Dr. Heatley provided "adequate medical care . . . clearly in
violation of California Department of Correction policy protocol."  ECF No. 20 at 3.  Based on
the context of plaintiff's assertion, the court construes this as an allegation that Dr. Heatley

27   provided *inadequate* medical care.
[2]  The court notes that plaintiff's request to proceed in forma pauperis was granted on May 7,

28   2014.  ECF No. 15.

3

1  meet in order to establish "deliberate indifference."  Negligence is insufficient.  <u>Farmer</u>, 511 U.S.

2  at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

3  which is so obvious that it should be known) is insufficient.  <u>Id.</u> at 836−37.  Neither is it sufficient

4  that a reasonable person would have known of the risk or that a defendant should have known of

5  the risk.  <u>Id.</u> at 842.  Deliberate indifference is established only where the defendant subjectively

6  "knows of and disregards an excessive risk to inmate health and safety."  <u>Toguchi v. Chung</u>, 391

7  F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted).  Deliberate indifference may be

8  shown "when prison officials deny, delay, or intentionally interfere with medical treatment," or

9  may be shown "by the way in which prison officials provide medical care."  <u>Hutchinson v. United</u>

10  <u>States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).  To establish a claim of deliberate indifference

11  arising from a delay in providing care, a plaintiff must show that the delay was harmful.  <u>See</u>

12  <u>Estelle</u>, 429 U.S at 106;  <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994).

13       Plaintiff alleges in conclusory terms that Dr. Heatley provided inadequate medical care,

14  that all defendants exhibited deliberate indifference to plaintiff's health and safety, and that

15  plaintiff suffered "medical and mental anguish" as a result.  ECF No. 20 at 3-4.  However,

16  plaintiff makes no specific factual allegations as to how Dr. Heatley, or any other defendant,

17  exhibited deliberate indifference to plaintiff's serious medical need.  Plaintiff does not identify his

18  medical condition and fails to explain how he was injured as a result of any defendant's conduct.[3]

19  <u>See</u> ECF No. 20 at 1-4.  Plaintiff's vague allegation that Dr. Heatley provided inadequate medical

20  care, without more, fails to state a claim for relief.  The complaint will be dismissed but plaintiff

21  will have leave to amend.  If plaintiff files an amended complaint, he must specifically describe

22  each defendant's actions and how each defendant violated plaintiff's constitutional rights.

23       First Amendment Retaliation Claims

24       "Prisoners have a First Amendment right to file grievances against prison officials and to

25  be free from retaliation for doing so."  <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012)

26

27

28

---

[3]  Plaintiff is reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Accordingly, the court does not refer to allegations contained in the original complaint and plaintiff must re-allege all relevant allegations in the amended complaint.

1    (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A retaliation claim has five

2    elements:

> First, the plaintiff must allege that the retaliated-against conduct is
> protected.  The filing of an inmate grievance is protected conduct.
> Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).  Second,
> the plaintiff must claim the defendant took adverse action against
> the plaintiff.  Id. at 567.  The adverse action need not be an
> independent constitutional violation.  See Pratt v. Rowland, 65 F.3d
> 802, 806 (9th Cir. 1995).  "[T]he mere threat of harm can be an
> adverse action...."  Brodheim [v. Cry], 584 F.3d [1262,] 1270 [9th
> Cir. 2009)].
>
> Third, the plaintiff must allege a causal connection between the
> adverse action and the protected conduct.  Because direct evidence
> of retaliatory intent rarely can be pleaded in a complaint, allegation
> of a chronology of events from which retaliation can be inferred is
> sufficient to survive dismissal.  See Pratt, 65 F.3d at 808 ("timing
> can properly be considered as circumstantial evidence of retaliatory
> intent"); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill
> or silence a person of ordinary firmness from future First
> Amendment activities."  Robinson, 408 F.3d at 568 (internal
> quotation marks and emphasis omitted).  "[A] plaintiff who fails to
> allege a chilling effect may still state a claim if he alleges he
> suffered some other harm," Brodheim, 584 F.3d at 1269, that is
> "more than minimal," Robinson, 408 F.3d at 568 n.11.  That the
> retaliatory conduct did not chill the plaintiff from suing the alleged
> retaliator does not defeat the claim at the motion to dismiss stage.
>
> Fifth, the plaintiff must allege "that the prison authorities'
> retaliatory action did not advance legitimate goals of the
> correctional institution...."  Rizzo v. Dawson, 778 F.2d 527, 532
> (9th Cir. 1985).  A plaintiff successfully pleads this element by
> alleging, in addition to a retaliatory motive, that the defendant's
> actions were arbitrary and capricious, id., or that they were
> "unnecessary to the maintenance of the institution."  Franklin v.
> Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

22   Id.

23          Here, plaintiff generally alleges that "immediately after" he filed a grievance against

24   defendant C. Smith, the chief medical officer at Mule Creek State Prison, all defendants harassed

25   and retaliated against plaintiff.  ECF No. 20 at 3-4.  To the extent plaintiff's claim is based on his

26   allegation that he was denied free copies of his legal documents, plaintiff fails to allege that any

27   of the named defendants (the majority of whom are medical personnel) were involved in denying

28   him the copies.  See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (liability under 42

U.S.C. § 1983 requires some affirmative connection between a defendant's actions and the claimed deprivation).  Furthermore, plaintiff's allegation that defendant Smith told him that it did not matter if he filed a grievance because "nothing was going to be done," without more, fails to state a claim for relief.  See Oltarzewski, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment alone is insufficient to state a claim for relief under 42 U.S.C. § 1983).

Plaintiff also appears to allege that, as a form of retaliation, he was falsely accused of a disciplinary violation and wrongfully placed in administrative segregation.  See ECF No. 20 at 2-3.  However, it is unclear from the complaint whether plaintiff alleges that this was done in retaliation for plaintiff filing a grievance against a prison official (or other protected conduct).  See Watison, 668 F.3d at 1114 (plaintiff must allege that the retaliated-against conduct is protected).  Moreover, plaintiff has failed to allege that any of the defendants were involved in filing false charges against him or wrongfully placing him in administrative segregation.  See Johnson, 588 F.2d at 743 (requiring an affirmative connection between the actions of each named defendant and the deprivation alleged to have been suffered by the plaintiff).

Plaintiff's claim will be dismissed with leave to amend.  If plaintiff files an amended complaint, he must explain which defendants filed false disciplinary charges against him or denied him free copies and describe how their actions violated his constitutional rights.

Claims Against Dr. Sahir, Dr. Horowitz, and "William Knipp, et al Warden"

As to defendants Dr. Saheer, Dr. Horowitz, and William Knipp,[4] plaintiff fails to link the conduct of these officials to any alleged constitutional deprivation he has suffered.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

---

[4]  It appears from plaintiff's complaint that William Knipp is the warden at Mule Creek State Prison.  See ECF No. 20 at 2.

6

1   <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

2   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4   omits to perform an act which he is legally required to do that causes the deprivation of which

5   complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

6        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

7   their employees under a theory of *respondeat superior* and, therefore, when a named defendant

8   holds a supervisorial position, the causal link between him and the claimed constitutional

9   violation must be specifically alleged.  <u>See Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

10  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  Vague

11  and conclusory allegations concerning the involvement of official personnel in civil rights

12  violations are not sufficient.  <u>See Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13       Plaintiff makes a vague allegation that "all named defendants" violated his rights through

14  their "deliberate indifference and intentional misconduct," but makes no specific allegations at all

15  against Dr. Sahir, Dr. Horowitz, or Knipp.  <u>See</u> ECF No. 20 at 1-4.  Plaintiff's claims against

16  these defendants in their individual capacities will be dismissed but plaintiff will have leave to

17  amend.

18       To the extent plaintiff seeks relief from the warden in his official capacity, a practice,

19  policy or procedure of the state must be at issue.  <u>Haber v. Melo</u>, 502 U.S. 21, 25 (1991).

20  Plaintiff has not alleged any facts which sufficiently implicate a state policy, practice, or

21  procedure.  The claim against the warden will be dismissed but plaintiff will be granted leave to

22  amend.

23            <u>Administrative Segregation</u>

24       If plaintiff intends to allege a due process violation based solely on his placement in

25  administrative segregation, plaintiff is advised that placement in "administrative segregation in

26  and of itself does not implicate a protected liberty interest." <u>Serrano v. Francis</u>, 345 F.3d 1071,

27  1078 (9th Cir. 2003), citing <u>Sandin v. Connor</u>, 515 U.S. 472, 486 (1995).  Plaintiff has not alleged

28  any facts to indicate that the conditions of administrative segregation constituted an "atypical and

1    significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin, 515

2    U.S. at 484.  Moreover, plaintiff has not alleged that any of the named defendants caused or

3    contributed to plaintiff's placement in administrative segregation.  See Johnson, 588 F.2d at 743

4    (there must be some affirmative connection between the actions of each named defendant and the

5    claimed deprivation).  Accordingly, the complaint will be dismissed but plaintiff will have leave

6    to amend.

7            Transfer to High Desert State Prison

8            To the extent plaintiff alleges that his constitutional rights were violated when he was

9    involuntarily transferred to High Desert State Prison, plaintiff is informed that a prisoner has no

10   constitutional right to incarceration in a particular institution or housing unit or to be transferred

11   from one facility to another.  See Meachum v. Fano, 427 U.S. 215, 225 (1976) ("[T]he Due

12   Process Clause [does not] in and of itself protect a duly convicted prisoner against transfer from

13   one institution to another within the state prison system.").  As in the above claim, plaintiff fails

14   to allege that any of the named defendants caused or contributed to his transfer.  See Johnson, 588

15   F.2d at 743.  The complaint will be dismissed but plaintiff will be granted leave to amend.

16           In sum, the amended complaint does not contain a short and plain statement as required by

17   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

18   must give fair notice to the defendants and must allege facts that support the elements of the claim

19   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

20   Plaintiff must allege with at least some degree of particularity overt acts which defendants

21   engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

22   requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the

23   interests of justice, the court will grant plaintiff leave to file a second amended complaint.

24           Amendment

25           If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

26   the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

27   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended

28   complaint must allege in specific terms how each named defendant was involved in the

                                                      8

1   deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is

2   some affirmative link or connection between a defendant's actions and the claimed deprivation.

3   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

4   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of

5   official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

6   F.2d 266, 268 (9th Cir. 1982).

7          Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his

8   second amended complaint complete.  Local Rule 220 requires that an amended complaint be

9   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

10   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

11   Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves

12   any function in the case.  Therefore, in a second amended complaint, as in an original complaint,

13   each claim and the involvement of each defendant must be sufficiently alleged.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Plaintiff's June 18, 2014 amended complaint (ECF No. 20) is dismissed; and

16          2.  Plaintiff is granted thirty days from the date of service of this order to file a second

17   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

18   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

19   docket number assigned to this case and must be labeled "Second Amended Complaint"; failure

20   to file a second amended complaint in accordance with this order will result in a recommendation

21   that this action be dismissed without prejudice.

22   DATED: December 24, 2014

23   _____
     ALLISON CLAIRE
24   UNITED STATES MAGISTRATE JUDGE

25

26

27

28
                                                9