UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS GARCIA,

Plaintiff,

v.

NASEER SAHIR, et al.,

Defendants.

No. 2:13-cv-2385 AC P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order dated December 24, 2014, plaintiff's first amended complaint was dismissed, but plaintiff was given leave to file an amended complaint within 30 days. ECF No. 21 at 9. Since January 2015, plaintiff has been granted three extensions of time to file a second amended complaint. Most recently on May 6, 2015, the court granted plaintiff an additional thirty days to file an amended complaint. ECF No. 28.

On May 28, 2015, plaintiff filed his fourth motion for an extension of time to file an amended complaint. ECF No. 30. Also on May 28, 2015, the court received a document entitled "Motion," which appears to be plaintiff's second amended complaint. See ECF No. 29 at 1, ECF No. 29-1 at 190. On June 17, 2015, plaintiff filed another document entitled "Motion Discovery." ECF No. 31. This order addresses plaintiff's two motions, his second amended complaint, and his request for appointment of counsel.

I. Motion for Extension of Time

Plaintiff had thirty days from the court's May 6, 2015 order in which to file an amended complaint. ECF No. 28. Because plaintiff's second amended complaint was filed on May 24, 2015,[1] see ECF No. 29-1 at 190, the complaint was timely. Accordingly, no extension of time is necessary. Plaintiff's request for an extension of time is therefore denied because plaintiff filed his complaint before the deadline.

II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

---

[1] Since plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988). Under the prison mailbox rule, the date plaintiff signed the complaint will be considered his filing date absent evidence to the contrary. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule).

Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Second Amended Complaint

At the outset, the court notes that it is not entirely clear whether plaintiff's "motion," ECF No. 29, was intended to serve as plaintiff's second amended complaint. The document is not captioned "Second Amended Complaint" and, despite being 119 pages long, the body of the complaint appears to be missing. See ECF No. 29. However, the first page of the document includes a list entitled "The Second Amended Complaint Exhibits," ECF No. 29 at 2, and the proof of service attached to the exhibits reads "The Second Amended Complaint," ECF No. 29-1 at 190, which suggests that plaintiff intended the filing to be his second amended complaint. Accordingly, the court will treat the document as plaintiff's amended complaint and will proceed with the screening process.

The court finds plaintiff's second amended complaint so vague and confusing that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff's complaint begins with an eight-page list of exhibits, see ECF No. 29 at 1-9, but includes no actual allegations. Rather, the complaint is comprised of over 300 pages of exhibits, many of which include complaints and other documents plaintiff previously filed in this case and in other unrelated cases. While the complaint includes an assortment of inmate appeals interspersed among plaintiff's other past filings, the court is unable to determine which appeals, if any, form the basis of the instant complaint. Plaintiff lists "Medical Complaint Case No. 2:13-cv-2385-AC P Amended Complaint for Injunctive Relief and Damages Demand for Jury Trial" as one of his "Second Amended Complaint Exhibits," see ECF No. 29 at 2, but the attached exhibit, ECF No. 29 at 111-114, is merely a reproduction of plaintiff's first amended complaint, ECF No. 20, which has already been screened and dismissed by the court.

The court has determined that the second amended complaint does not contain a short and

plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

**Plaintiff will be given one final opportunity to file an amended complaint.** If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. Request for Appointment of Counsel

Plaintiff requests appointment of counsel on the grounds that he is indigent and has no

////

////

financial means of retaining an attorney to represent him.[2] ECF No. 29 at 27.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners do not establish exceptional circumstances.

In the present case, the court does not find the required exceptional circumstances at the present time, primarily because plaintiff has not submitted a complaint with allegations sufficient to state a cognizable claim. The court remains uninformed about the reasons that plaintiff initiated this suit, and thus cannot ascertain the complexity of the issues involved or plaintiff's likelihood of success on the merits of his claims. Therefore, plaintiff's request for appointment of counsel will be denied without prejudice.

V. "Motion Discovery"

Plaintiff's final motion is a 350-page document entitled "Motion Discovery." ECF No. 31. Like plaintiff's second amended complaint, this document is comprised of an exhibit list and several hundred pages of exhibits. Many of the exhibits are documents plaintiff previously filed

---

2 Plaintiff's request for counsel was included in his second amended complaint. ECF No. 29 at 27. Although the second amended complaint was received by the court on May 28, 2015, plaintiff's request for appointment of counsel is dated January 1, 2015.

in the present case and in other cases. The court is unable to determine from plaintiff's motion what relief he currently seeks. Accordingly, the court must deny plaintiff's motion.

VI. Summary

Plaintiff's motion for an extension of time is denied because plaintiff filed his complaint on time and does not need additional time.

Plaintiff's second amended complaint is dismissed because plaintiff did not explain what events his lawsuit is based on. Plaintiff will be given one last chance to file an amended complaint. In the amended complaint, plaintiff must give a short explanation of what this lawsuit is about. He must state how his rights were violated, and who did what.

Plaintiff's request for appointment of counsel is denied because the court does not have enough information about plaintiff's lawsuit to determine if plaintiff qualifies for appointment of counsel.

Plaintiff's "Motion Discovery" is denied because the court could not understand what plaintiff was asking for.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 30) is denied;
2. Plaintiff's second amended complaint (ECF No. 29) is dismissed;
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice;
4. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint";
5. Plaintiff must file an original and two copies of the amended complaint;
6. Failure to file an amended complaint in accordance with this order will result in dismissal of this action;
7. Plaintiff's request for appointment of counsel (ECF No. 29 at 27) is denied; and

////

8. Plaintiff's "Motion Discovery" (ECF No. 31) is denied.

DATED: November 19, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE